UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR GEMBE,

    Petitioner,

CASE NO. 16-11548

v.

HON. AVERN COHN

THOMAS WINN,

    Respondent.
_____/

### ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 8)

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner is challenging his conviction for first-degree criminal sexual conduct. Before the Court is Petitioner's motion for appointment of counsel (Doc. 8). For the reasons that follow, the motion will be denied without prejudice.

II.

There is no constitutional right to the appointment of counsel in a habeas proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal") (citing McCleskey v. Zant, 499 U.S. 467, 495 (1987)). Appointment of counsel in a habeas proceeding for a financially eligible petitioner is required only if the district court determines that an evidentiary hearing is required. Lemeshko v. Wrona, 325 F. Supp. 2d 778, 787 (E.D.

Mich. 2004); see Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.  Otherwise, the matter lies within the discretion of the court.  Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986).  A "financially eligible" habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).

Here, the interests of justice do not require appointment of counsel at this time. Petitioner says that is financially unable to retain counsel, he lacks a high school diploma or its equivalent, and the case is complex.  However, having reviewed the petition and respondent's response, the interests of justice do not require the appointment of counsel at this time.

III.

Accordingly, Petitioner's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.  Petitioner's motion will be reconsidered if, after reviewing the state court record, the Court determines that appointment of counsel is necessary and that Petitioner is financially eligible.  Petitioner need not file any additional papers regarding his motion.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 10, 2017
　　　Detroit. Michigan